UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

SARA JOHNSON,
    and
THEODORE JOHNSON,
    Plaintiff,

v.                          Case No. 26-CV-264

LIR TRANSPORTATION LLC,
    and
IGOR LEYKIN
    Defendants.

## COMPLAINT

### JURISDICTION AND VENUE

1. The Court has original jurisdiction over Plaintiff's FLSA claims under 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367 because those claims are part of the same case or controversy as Plaintiff's FLSA claims.

2. Venue is proper in the United States District Court for the Green Bay District of Wisconsin under 28 U.S.C. § 1391(b) because Defendants reside in this district and a substantial part of the events or omissions giving rise to the claim occurred in this district.

### PARTIES

3. Plaintiff Sara Johnson is an adult resident of Outagamie County in the State of Wisconsin. Plaintiff's consent form is filed as Exhibit 1 to this complaint.

4. Plaintiff Theodore Johnson is an adult resident of Outagamie County in the State of Wisconsin. Plaintiff's consent form is filed as Exhibit 2 to this complaint.

5. Plaintiff Sara Johnson and Plaintiff Theodore Johnson will be referred to herein as Plaintiffs.

6. Plaintiffs bring this action on behalf of themselves and the FLSA Overtime Class. The FLSA Overtime Class is defined as:

> All persons who worked as non-emergency medical transportation drivers for Defendants at any time since January 13, 2023.

7. Plaintiffs bring this action on behalf of themselves and the FLSA Regular Rate Class. The FLSA Regular Rate Class is defined as:

> All persons who worked as non-emergency medical transportation drivers for Defendants at any time between January 13, 2023 and November 16, 2024.

8. Plaintiffs bring this action on behalf of themselves and the Wisconsin Overtime Class. The Wisconsin Overtime Class is defined as:

> All persons who worked as non-emergency medical transportation drivers for Defendants at any time since January 13, 2024.

9. Plaintiffs bring this action on behalf of themselves and the Wisconsin Regular Rate Class. The Wisconsin Regular Rate Class is defined as:

> All persons who worked as non-emergency medical transportation drivers for Defendants at any time between January 13, 2024 and November 16, 2024.

10. The Wisconsin Overtime Wage Class and the Wisconsin Regular Rate Class will be referred to herein as the Wisconsin Classes.

11. The FLSA Overtime Wage Class and the FLSA Regular Rate Class will be referred to herein as the FLSA Classes.

12. Defendant LIR Transportation LLC (hereinafter "LIR"), is a domestic limited liability company with its principal place of business at 719 Frances St., Appleton, WI, 54914.

13. Defendant LIR operates a non-emergency medical transportation company in Appleton, Wisconsin.

14. Defendant LIR's registered agent for service of process in the State of Wisconsin is Igor Leykin located at 719 W. Frances St., Appleton, WI, 54914.

15. Defendant Igor Leykin (hereinafter "Leykin") is an adult resident of Wisconsin residing at 3033 W. Renee Ct., Mequon, WI, 53092.

16. On information and belief, Leykin owns LIR. As such, Leykin acted directly or indirectly in the interest of LIR in relation to Plaintiff.

17. Defendant LIR and Defendant Leykin were joint employers of Plaintiffs and will be collectively referred to herein as "Defendants."

## FACTUAL ALLEGATIONS

18. Plaintiffs and the members of the FLSA Classes and Wisconsin Classes were employed by Defendants as non-emergency medical transport drivers.

19. Plaintiffs and the members of the FLSA Classes and Wisconsin Classes drove vehicles that were manufactured outside of Wisconsin in providing services to Defendants customers.

20. Plaintiffs and the members of the FLSA Classes and Wisconsin Classes used their cell phones to access the internet to do their jobs. The internet is an

instrumentality of commerce. Using the internet was necessary for Plaintiffs and the members of the FLSA Classes and Wisconsin Classes to do their job, including: punching in and out, communicating with Defendants and Defendants' dispatch, obtaining directions to pick-up and drop-off locations, and fueling their vehicles.

21. Defendants purchased vehicles which were manufactured outside of Wisconsin to use in providing services to Defendants customers.

22. Defendants annual gross volume of business done exceeds $500,000 and has exceeded $500,000 in each of the three years preceding the filing of this complaint.

23. Plaintiffs and members of the FLSA Classes have worked for Defendants at times since February 18, 2023.

24. Plaintiffs and members of the Wisconsin Classes have worked for Defendants at times since February 18, 2024.

25. Defendants have uniform compensation policies and practices which have applied to Plaintiffs and members of the FLSA Classes and the Wisconsin Classes.

26. Since January 14, 2023, Defendants have paid Plaintiffs and members of the FLSA Classes and the Wisconsin Classes on an hourly basis.

27. Since January 14, 2023, Defendants agreed to pay Plaintiffs and members of the FLSA Classes and the Wisconsin Classes an additional $2.00 per hour for each hour worked on a weekend (the "Shift Premium").

28. Between January 14, 2023 and November 16, 2024, Defendants agreed to pay Plaintiffs and members of the FLSA Regular Rate Class and the Wisconsin Regular Rate Class overtime premium compensation when they worked more than 40 hours in a workweek.

29. Since November 17, 2024, Defendants have failed and refused to pay overtime premium compensation to Plaintiffs and members of the FLSA Overtime Class and the Wisconsin Overtime Wage Classes.

30. As an example, during the workweek ending on November 23, 2024, Plaintiff Sara Johnson worked 45.72 hours, of which 5.72 hours were in excess of forty hours in that workweek.

31. Despite working 5.72 hours in excess of forty hours during the workweek ending on November 23, 2024, Defendants failed and refused to pay Plaintiff Sara Johnson overtime premium compensation at a rate of time and one-half the regular rate of pay for those 5.72 hours.

32. As an additional example, during the workweek ending on November 23, 2024, Plaintiff Theodore Johnson worked 53.60 hours, of which 13.60 were in excess of forty hours in a workweek.

33. Despite working at least 13.60 hours in excess of forty hours during the workweek ending on November 23, 2024, Defendants failed and refused to pay Plaintiff Theodore Johnson overtime premium compensation at a rate of time and one-half the regular rate of pay for those 13.60 hours.

34. Between January 14, 2023 and November 16, 2024, Defendants failed to properly calculate the regular rate of pay paid to Plaintiffs, the FLSA Regular Rate Class, and the Wisconsin Regular Rate Class. When paying overtime compensation, Defendants failed to include in the weekend shift premium in the calculation of the regular rate.

35. As an example, during the workweek ending on November 9, 2024, Plaintiff Sara Johnson worked 40.00 regular hours and 16.38 overtime hours, of which 22.92 were weekend shift premium hours. During this workweek, Defendants paid Plaintiff Sara Johnson $16.00 per hour for the 40.0 regular hours. During this workweek, Defendants also paid a shift premium for hours worked on the weekend at a rate of $2.00 per hour. During this workweek, Defendants paid Plaintiff Sara Johnson at an overtime rate of only $24.00 per overtime hour, thereby failing to include the weekend shift premium of $2.00 per hour in the calculation of the regular rate. The overtime rate in this workweek should have been $27.34 per overtime hour.

36. As an example, during the workweek ending on November 16, 2024, Plaintiff Theodore Johnson worked 40.00 regular hours and 12.00 overtime hours, of which 19.32 were weekend shift premium hours. During this period, Defendants paid Plaintiff Theodore Johnson $16.00 per hour. During this period, Defendants also paid a shift premium for hours worked on the weekend at a rate of $2.00 per hour. During this period, Defendants paid Plaintiff Theodore Johnson at an overtime rate of only $24.00 per hour failing to include the weekend shift premium

of $2.00 per hour in the calculation of the regular rate. The overtime rate in this workweek should have been $25.11 per overtime hour.

37. Defendant Leykin had and continues to have control over the day-to-day operations of LIR.

38. Defendant Leykin had and continues to have control over the human resources and compensation aspects of LIR, including those compensation policies and practices alleged herein as they relate to Plaintiffs and the members of the FLSA Classes and the Wisconsin Classes.

39. Defendant Leykin determined the rates and methods of compensation for Plaintiffs and the members of the FLSA Classes and the Wisconsin Classes.

40. Defendant Leykin determined that manner in which Plaintiffs and members of the FLSA Regular Rate Class and the Wisconsin Regular Rate Class' regular rate would be calculated.

41. Defendant Leykin determined that Plaintiffs and members of the FLSA Overtime Wage Class and the Wisconsin Overtime Wage Class would not be paid overtime premium wages for each hour worked over forty in a workweek.

42. Defendant Leykin reviewed and approved payroll each pay period for both the Wisconsin Classed and the FLSA Classes.

## CLASS ALLEGATIONS

43. Plaintiffs bring Plaintiffs' Third and Fourth claims for relief on behalf of the Wisconsin Regular Rate Class and the Wisconsin Overtime Class pursuant to Fed. R. Civ. P. 23(a) and (b).

44. The persons in each of the Wisconsin Classes are so numerous that joinder of each individual class member's claims is impracticable.

45. There are questions of law and fact common to the Wisconsin Regular Rate Class that are capable of class-wide resolution and the determination of which will resolve any issues central to the validity of the class claims, including, but not limited to:

    a.    Whether Plaintiffs and members of the Wisconsin Regular Rate Class are employees;

    b.    Whether Defendants were employers;

    c.    Whether Defendants maintained a common practice and policy of not including the Shift Premium paid to members of the Wisconsin Regular Rate Class in the calculation of the overtime wages paid;

    d.    The nature and amount of compensable work performed by Plaintiffs and members of the Wisconsin Regular Rate Class;

    e.    The proper measure of damages sustained by Plaintiffs and members of the Wisconsin Regular Rate Class; and

    f.    Whether Defendants acted for dilatory or other unjust reasons.

46. There are questions of law and fact common to the Wisconsin Overtime Wage Class that are capable of class-wide resolution and the determination of which will resolve any issues central to the validity of the class claims, including, but not limited to:

a. Whether Plaintiffs and members of the Wisconsin Overtime Class are employees;

b. Whether Defendants were employers;

c. Whether Defendants maintained a common practice and policy of not paying overtime wages wages to the members of the Wisconsin Overtime Class;

d. The nature and amount of compensable work performed by Plaintiffs and members of the Wisconsin Overtime Class;

e. The proper measure of damages sustained by Plaintiffs and members of the Wisconsin Overtime Class; and

f. Whether Defendants acted for dilatory or other unjust reasons.

47. Plaintiffs will fairly and adequately protect the interests of the Wisconsin Classes and has retained counsel experienced in complex wage and hour litigation.

48. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation, where individual plaintiffs, particularly those with relatively small claims, typically lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large and wealthy corporate defendant.

49. Certification of the Wisconsin Overtime Class and Wisconsin Regular Rate Class is appropriate under Rule 23(b)(3) because questions of law and fact common to the classes predominate over any questions affecting only individual

class members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices denied the Wisconsin Overtime Class and the Wisconsin Regular Rate Class wages for work performed to which they are entitled. The damages suffered by each class member are small compared to the expense and burden of individually litigating each class member's claim. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' pay practices.

50. Plaintiffs intend to send notice to all members of the Wisconsin Overtime Class to the extent required by Rule 23.

**FIRST CLAIM FOR RELIEF:**
**FAILURE TO PAY OVERTIME WAGES TO THE FLSA REGULAR RATE CLASS IN VIOLATION OF THE FAIR LABOR STANDARDS ACT**

51. Plaintiffs allege and incorporates by reference the allegations in the preceding paragraphs.

52. Defendants have been, and continue to be, an enterprise engaged in commerce within in the meaning of 29 U.S.C. § 203(s)(1).

53. Defendants have been, and continue to be, employers within the meaning of 29 U.S.C. § 203(d).

54. Plaintiffs and members of the FLSA Regular Rate Class have been, and continue to be, employees of Defendants within the meaning of 29 U.S.C. § 203(e).

55. The FLSA requires covered employers to compensate all non-exempt employees at a rate of not less than one-and-one-half times their regular rate of pay for work performed in excess of forty hours per workweek.

56. The FLSA requires covered employers to include Shift Premium compensation in the calculation of the regular rate of pay when calculating overtime compensation for work performed in excess of forty hours per workweek.

57. Plaintiffs and members of the FLSA Regular Rate Class are not, and have not been, exempt from the overtime requirements of the FLSA.

58. Defendants did not compensate Plaintiffs and members of the FLSA Regular Rate Class at the correct overtime wage rate.

59. The foregoing practice violates the FLSA.

60. Defendants' violation of the FLSA was willful.

61. Plaintiffs and the members of the FLSA Regular Rate Class suffered wage loss because of this violation.

**SECOND CLAIM FOR RELIEF:**
**FAILURE TO PAY OVERTIME WAGES TO THE FLSA OVERTIME CLASS IN VIOLATION OF THE FAIR LABOR STANDARDS ACT**

62. Plaintiffs allege and incorporates by reference the allegations in the preceding paragraphs.

63. Defendants have been, and continue to be, an enterprise engaged in commerce within in the meaning of 29 U.S.C. § 203(s)(1).

64. Defendants have been, and continue to be, employers within the meaning of 29 U.S.C. § 203(d).

65. Plaintiffs and members of the FLSA Overtime Class have been, and continue to be, an employee of Defendants within the meaning of 29 U.S.C. § 203(e).

66. The FLSA requires covered employers to compensate all non-exempt employees at a rate of not less than one-and-one-half times their regular rate of pay for work performed in excess of forty hours per workweek.

67. Plaintiffs and the members of the FLSA Overtime Class are not and have not been exempt from the overtime pay requirements of the FLSA.

68. Defendants did not pay Plaintiffs and members of the FLSA Overtime Class overtime premium wages for work performed in excess of forty hours per week.

69. The foregoing practice violates the FLSA.

70. Defendants' violation of the FLSA was willful.

71. Plaintiffs and members of the FLSA Overtime Wage Class suffered wage loss because of this violation.

### THIRD CLAIM FOR RELIEF:
### FAILURE TO PAY OVERTIME WAGES TO THE WISCONSIN REGULAR RATE CLASS IN VIOLATION OF WISCONSIN LAW

72. Plaintiffs allege and incorporates by reference the allegations in the preceding paragraphs.

73. Defendants have been, and continue to be, an employer within the meaning of Wis. Stat. §§ 103.001(6) and 109.01(2).

74. Plaintiffs and members of the Wisconsin Regular Rate Class are and have been employees of Defendants within the meaning of Wis. Stat. §§ 103.001(5) and 109.01(1r).

75. Wisconsin law requires employers to compensate all non-exempt employees at a rate of not less than one-and-one-half times their regular rate of pay for work performed in excess of forty hours per workweek.

76. Plaintiffs and members of the Wisconsin Regular Rate Class were not and have not been exempt from the overtime pay requirements of Wisconsin law.

77. Defendants did not compensate Plaintiffs and members of the Wisconsin Regular Rate Class at the correct regular rate.

78. The foregoing practice violates Wisconsin law.

79. Defendants' violation of Wisconsin law was for dilatory or unjust reasons.

80. Plaintiffs and members of the Wisconsin Regular Rate Class suffered wage loss because of this violation.

### FOURTH CLAIM FOR RELIEF:
### FAILURE TO PAY OVERTIME WAGES TO THE WISCONSIN OVERTIME CLASS IN VIOLATION OF THE WISCONSIN LAW

81. Plaintiffs allege and incorporates by reference the allegations in the preceding paragraphs.

82. Defendants have been, and continue to be, an employer within the meaning of Wis. Stat. §§ 103.001(6) and 109.01(2).

83. Plaintiffs and members of the Wisconsin Overtime Class are and have been employees of Defendants within the meaning of Wis. Stat. §§ 103.001(5) and 109.01(1r).

84. Wisconsin law requires employers to compensate all non-exempt employees at a rate of not less than one-and-one-half times their regular rate of pay for work performed in excess of forty hours per workweek.

85. Plaintiffs and members of the Wisconsin Overtime Class are not and have not been exempt from the overtime pay requirements of Wisconsin law.

86. Defendants did not pay Plaintiffs and members of the Wisconsin Overtime Class overtime premium wages for work performed in excess of forty hours per week.

87. The foregoing practice violates Wisconsin law.

88. Defendants' violation of Wisconsin law was for dilatory or unjust reasons.

89. Plaintiffs and members of the Wisconsin Overtime Class suffered wage loss because of this violation.

ACCORDINGLY, Plaintiffs, on behalf of themselves and the members of the Wisconsin Classes and the FLSA Classes, respectfully requests the following relief:

A. Judgment against Defendants in an amount equal to unpaid wages at the applicable overtime rates owed to Plaintiffs and members of the Wisconsin Classes and the FLSA Classes, as well as the damages Plaintiffs and members of

the Wisconsin Classes and the FLSA Classes suffered because of Defendants' failures.

B. An award in the amount of all liquidated damages and civil penalties as provided under the FLSA and Wisconsin law;

C. An award in the amount of all costs and attorneys' fees incurred in prosecuting these claims; and

D. Such further relief as the Court deems just and equitable.

Dated: February 18, 2026

*s/Larry A. Johnson*
Larry A. Johnson, SBN 1056619
Connor J. Clegg, SBN 1118534
Attorneys for Plaintiff

Hawks Quindel, S.C.
5150 N. Port Washington Rd., Suite 243
Milwaukee, WI 53217-5470
Telephone: (414) 271-8650
Fax: (414) 607-6079
Email:   ljohnson@hq-law.com
            cclegg@hq-law.com
